1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   DEBRA JENKINS,                              CASE NO. 1:07-cv-00468-LJO-NEW (DLB) PC

10              Plaintiff,                       ORDER DISMISSING ACTION, WITHOUT
                                                 PREJUDICE, FOR FAILURE TO STATE A
11   v.                                          CLAIM UPON WHICH RELIEF MAY BE
                                                 GRANTED UNDER SECTION 1983
12   CALIFORNIA DEPARTMENT
     OF CORRECTIONS, et al.,                     (Doc. 1)

13              Defendants.                      ORDER THAT DISMISSAL COUNTS AS A
14                                               STRIKE PURSUANT TO 28 U.S.C. § 1915(G)

15   _____/

16      Plaintiff Debra Jenkins ("plaintiff") is a state prisoner proceeding pro se and in forma

17   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on March

18   26, 2007.  Plaintiff is incarcerated at the Central California Women's Facility in Chowchilla.

19   Plaintiff alleges that her rights under the United States Constitution were violated when she was

20   falsely charged with assaulting a correctional officer and found guilty, resulting in the forfeiture of

21   time credits.  Plaintiff seeks money damages and the restoration of her early release date.

22      The court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

27   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

28   ///

1

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

4  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

5  506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

6  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

7  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

8  grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only

9  if it is clear that no relief could be granted under any set of facts that could be proved consistent with

10 the allegations. Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether

11 the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of

12 the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey,

13 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also

14 Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the

15 opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.

16 2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."

17 Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights

18 complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l

19 Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d

20 266, 268 (9th Cir. 1982)).

21     In this instance, plaintiff is challenging the events relating to her disciplinary hearing at which

22 she was assessed a time credit forfeiture.  "[A] state prisoner's § 1983 action is barred (absent prior

23 invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the

24 prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that

25 action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v.

26 Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005).  Because the finding of guilty affects the

27 length of plaintiff's sentence, her claim is barred under section 1983 until such time as she

28 ///

1  invalidates the result of the disciplinary hearing via the prison's administrative remedy process or

2  a petition for writ of habeas corpus relief.  Id.

3        For the foregoing reason, this action is HEREBY DISMISSED, without prejudice, for failure

4  to state a claim upon which relief may be granted.  This dismissal shall count as a strike pursuant to

5  28 U.S.C. § 1915(g).

6

7  IT IS SO ORDERED.

8  **Dated:    June 18, 2007**                         **/s/ Lawrence J. O'Neill**
                                                 UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28